No. 766

VINSON v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6229. Decided Feb. 8, 1926

Judges Allread & Ferneding, 2nd Dist., and Warden, 3rd Dist., sitting.

911. PERJURY—Where indictment charges a false swearing to a report as to the amount of money on hand by savings and loan company and evidence discloses that a certain check made payable to said company was not a bona fide payment in the amount represented by said check, the fact that the report was compared with books of the company before being sworn to, it being urged that defendant was not guilty of knowingly and falsely making a false statement; is no defense to the prosecution.

WARDEN, J.

Merritt Vinson was indicted and convicted of perjury for knowingly and wilfully making oath to a false statement in writing ,of the affairs, business and financial condition of the Municipal Savings & Loan Co. in the Cuyahoga Common Pleas, such statement being required by 682 and 683 GC.

Error was prosecuted and it was claimed that the error existing in the trial of the case in the court below were:—abuse of discretion of the court; defective indictment; insufficient evidence to sustain the conviction; and error in the charge of the court. It seems also that a request was made to withdraw the plea of not guilty and to fill a motion to quash; but the court refused to allow the plea to be withdrawn on the ground that the application should have been made prior to the time set for trial. The Court of Appeals held:

1. The conduct of the trial, including the right to grant or refuse leave to withdraw a plea, rests in the sound discretion of the court; and the court was right in refusing the application after so great a delay in filing said application without an explanation.

2. Although the indictment does not state that the report was filed with the superintendent of building and loan companies, the bill of exceptions shows this report was filed within the time allowed and defendant knew this, so that failure to allege in the indictment that the report was filed, was in no way substantially prejudicial to the defendant.

3. The evidence is sufficient to prove beyond a reasonable doubt that the defendant knew at the time he swore to the report that the statements, or any of them, contained in the report were false.

4. The truth or falsity of the report as to the amount of money in possession of the Municipal Savings & Loan Co. hinges upon whether or not the check for $139,500.00 drawn by the Representative Realty Co. on the Cleveland Trust Co. to the order of the Loan Co., was a legitimate payment to the Loas Co.

5. If this check was a bona fide payment to the Loan Co., then the statement was not false in the particulars alleged in the indictment; but if the check was not a bona fide payment of money represented by it, to the Loan Co., then the report would be false.

6. The evidence shows that there was $16,-776.57 in the Cleveland Trust Co. to the credit of the Realty Co. on Dec. 31, 1923, when the check was drawn; and that on Jan. 2, 1924, the Loan Co. drew its check on the Trust Co. to the order of the Realty Co. for $140,000, so that the money which paid the $139,500 check was not a bona fide payment of the amount of money represented by it to the Savings & Loan Co. so that the report contained a false statement of the amount of cash in possession of the Savings & Loan Co.

7. Vinson urges that he made an effort to compare the report before he swore to it with books of the company to determine that the report was in accordance with the books and that therefore he is not guilty of knowingly and wilfully making a false statement.

8. The indictment attacks only that portion of the report stating the amount of cash on hand on Dec. 31, 1923; and the fact that the statement and books are in accord would not be a defense.

Judgment affirmed.

Attorneys—T. J. Ross and James L. Lind, Cleveland, for Vinson; C. C. Crabbe, Joseph I. Eagleson, Columbus, and Charles Higley and David E. Green, Cleveland, for State.